## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**MICHAEL ALONZA RUFUS, #99284-071**                                    **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 5:08-cv-310-DCB-MTP**

**KATON LEE VARNADO, et al.**                                        **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff, was an inmate incarcerated in the Federal Correctional Complex - Yazoo,

Yazoo City, Mississippi, when he filed this Bivens[1]complaint on November 3, 2008.  On July

21, 2009, an order [12] was entered directing plaintiff to file a written response, on or before

August 10, 2009.  The plaintiff was warned in this court's order [12] of July 21, 2009, that failure

to timely comply with the requirements of the order may lead to the dismissal of his complaint.

On August 25, 2009, plaintiff filed correspondence [14] with this court.  This correspondence in

no way complied with this court's order [12].  Plaintiff failed to comply with this Court's order

[12].

In an order [15] entered September 10, 2009, plaintiff was directed to show cause why

this case should not be dismissed for his failure to comply with this court's order [12].

Additionally, plaintiff was given until and including September 25, 2009 to comply with this

court's order [12].  The plaintiff was warned in this court's order that failure to timely comply

with the requirements of the order may lead to the dismissal of his complaint.  The plaintiff failed

to comply with this court's order to show cause [15].

Plaintiff has failed to comply with two court orders.  This court has the authority to

dismiss an action for failure to prosecute and failure to comply with court orders under Rule

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the

action sua sponte. See generally Link v. Wabash R.R., 370 U.S. 626 (1962); Larson v. Scott, 157

F.3d 1030 (5th Cir.1998); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court

must be able to clear its calendars of cases that remain dormant because of the inaction or

dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition

of cases. Link, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays

in the disposition of pending cases and to avoid congestion in the calendars" of the court. Id. at

629-30.

      The court concludes that dismissal of this action for plaintiff's failure to prosecute and

failure to comply with the orders of the court under Rule 41(b) of the Federal Rules of Civil

Procedure is proper. Since the defendants have not been called on to respond to plaintiff's

pleading, and the court has not considered the merits of plaintiff's claims, the court's order of

dismissal is without prejudice. See Munday/Elkins Auto. Partners, LTD. v. Smith, 201 F. App'x

265, 267 (5th Cir. 2006).

      IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff's complaint shall be

dismissed without prejudice. A final judgment in accordance with this memorandum opinion

and order will be entered.

      SO ORDERED, this the 28th      day of October, 2009.


                        s/David Bramlette
                        UNITED STATES DISTRICT JUDGE